NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL SANCHEZ GONZALEZ, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 22-110 Agency No. A205-321-202 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026**

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Israel Sanchez Gonzalez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Sanchez Gonzalez has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

Sanchez Gonzalez's contention that his daughter would experience hardship when visiting him in Mexico is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

We reject as unsupported by the record Sanchez Gonzalez's contention that the BIA erred by failing to consider country conditions evidence. We do not

consider the materials Sanchez Gonzalez references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Thus, Sanchez Gonzalez's cancellation of removal claim fails.

Sanchez Gonzalez does not challenge the agency's denial of his applications for asylum, withholding of removal, and protection under the CAT, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Sanchez Gonzalez's contention that the IJ failed to consider his motion to terminate is not properly before the court because Sanchez Gonzalez did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana*, 101 F.4th at 629.

**PETITION FOR REVIEW DENIED.**